O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY FRITZ II, | NO. CV 12-8435-JVS (MAN) |
| Petitioner, | |
| v. | ORDER DISMISSING PETITION WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABIILITY |
| COUNTY OF LOS ANGELES CA, | |
| Respondent. | |

On October 1, 2012, a habeas petition submitted by Petitioner was filed in this Court ("Petition").[1] The cursory Petition, which consists of two handwritten pages, is not signed under penalty of perjury. Although Petitioner apparently is in custody at the Los Angeles County Jail, the Petition does not specify whether Petitioner is a pretrial detainee or a convicted prisoner. The Petition also does not identify what relief, if any, Petitioner has sought in the state courts with respect to the allegations of the Petition.

---

[1] The Petition originally was filed in the United States District Court for the Eastern District of California, which transferred it to this District.

Although the allegations of the Petition are cryptic, it appears Petitioner complains that: he was wrongly subjected to a California Penal Code § 1368 competency proceeding in his present criminal case in retaliation for his refusal to accept a plea offer and insistence on going to trial; his counsel provided ineffective assistance in connection with that competency proceeding; Petitioner has been unable to "appeal" the outcome of that competency proceeding; Petitioner's counsel has failed to investigate the circumstances of Petitioner's arrest; and Petitioner's counsel incorrectly believes that the provisions of the California Penal Code under which Petitioner presently is charged are "strict liability" statutes. (Petition at 1-2.)

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed, and takes judicial notice of, the electronic dockets for the California Court of Appeal and the California Supreme Court.[2] Those judicially-noticed records show that: in December 2005, Petitioner sustained a conviction in the Kern County Municipal Court (Case No. TM070145A); he thereafter filed mandamus and other proceedings related to that 2005 conviction in the California Court of Appeal, Fifth Appellate District, which were denied on November 25, 2008, and March 24, 2010 (Case Nos. F056490 and F059521); and he filed an untimely petition for review and application for relief from default related to that 2005 conviction in the California Supreme Court, which were denied on December 24, 2008 (Case No. S169280). Those judicially-noted records also show that Petitioner has not filed any other action in the California Supreme Court, nor has he filed any action in the California

---

[2] Available at http://appellatecases.courtinfo.ca.gov.

Court of Appeal, Second Appellate District -- the court in which an appeal from any conviction sustained in Los Angeles County should be filed.

In addition, the Court takes judicial notice of the Inmate Information Center records available on the Los Angeles County Sheriffs Department website.[3] Those records indicate that: Petitioner was arrested and booked on June 22, 2012; and his next court hearing is scheduled for November 30, 2012, in Case No. AM019458RM. Thus, it appears that Petitioner presently is charged with one or more crimes in Los Angeles County, but he has not yet been either tried on, or convicted of, those charges.

**THE THRESHOLD JURISDICTIONAL ISSUE**

As federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that his case is properly in federal court. <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994); <u>In re Ford Motor Co./Citibank (South Dakota), N.A.</u>, 264 F.3d 952, 957 (9th Cir. 2001). Federal courts "are empowered to hear and determine only such causes as Congress has by statute provided." <u>Van Buskirk v. Wilkinson</u>, 216 F.2d 725, 737 (9th Cir. 1954). Petitioner, however, has not specified any statutory jurisdictional predicate for this action.

28 U.S.C. § 2241 "provides generally for the granting of writs of

---

[3] Available at http://sheriff.lacounty.gov.

habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008)(*en banc*)(*quoting* White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004)). "Section 2241 confers jurisdiction on a district court to issue a writ of habeas corpus when a federal or state prisoner establishes that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" White, 370 F.3d at 1006 (*quoting* 28 U.S.C. § 2241(a) and (c)(3)). Section 2241 implements a general grant of habeas corpus authority for a person in custody "for some other reason, such as pre-conviction custody, custody awaiting extradition, or some other forms of custody that are possible without a conviction." *Id.*

Because Petitioner has not yet sustained a state court conviction on the presently pending charges, it is Section 2241, rather than 28 U.S.C. § 2254, that governs this case. Section 2254(a) confers jurisdiction on a district court to issue "a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." "'By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment — for example, a defendant in pre-trial detention or awaiting extradition.'" Stow v. Murashige, 389 F.3d 880, 886 (9th Cir. 2004)(*quoting* White); *see also* McNeeley v. Blanas, 336 F.3d 822, 824 & n.1 (9th Cir. 2003)(allowing a California pre-trial detainee asserting a speedy trial claim to proceed under Section 2241).

**THE COURT NEED NOT RESOLVE THE JURISDICTIONAL ISSUE,
BECAUSE IT IS CLEAR THAT ABSTENTION IS REQUIRED**

Only a limited number of pre-trial challenges have been found cognizable under Section 2241. Generally, pre-trial habeas challenges have been allowed only when a state defendant contends he is being deprived of his right to a speedy trial or the Double Jeopardy Clause will be violated if he is tried. *See, e.g.*, Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-93, 93 S. Ct. 1123, 1126-28 (1973)(speedy trial); McNeeley, 336 F.3d at 824 n.1 (speedy trial); Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992)(double jeopardy).

The Supreme Court has made clear that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden, 410 U.S. at 489, 93 S. Ct. at 1127 (citation omitted); *see also* Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980)(observing that Braden "reaffirmed the established rule that federal adjudication of an affirmative defense prior to a state criminal trial" violates the *Younger* abstention doctrine[4] and is "prohibited by principles of comity unless the petitioner could show that 'special circumstances' warranted federal intervention"). More recently, in Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012), the Ninth Circuit confirmed that abstention principles require a federal court to abstain from exercising habeas jurisdiction when the petitioner

---

[4] *See* Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971).

seeks relief based on an affirmative defense to the state prosecution, and the only exceptions to that rule are (a) when a prosecution is proven to be undertaken in bad faith and is baseless or (b) when extraordinary circumstances exist and irreparable injury is shown.

Petitioner's allegations fail to surmount these requirements. Younger and its progeny reflect a longstanding public policy against federal court interference with pending state court proceedings. *See* Green v. City of Tucson, 255 F.3d 1086, 1094 (9th Cir. 2001)(*en banc*); H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000). Principles of comity and federalism require federal courts to abstain from interfering with ongoing state criminal proceedings, absent extraordinary circumstances that create a threat of irreparable injury. Younger, 401 U.S. at 43-45, 91 S. Ct. at 750-51. Younger abstention applies to both attempts to preclude and/or stay criminal prosecution *in toto* and attempts to obtain more limited or piecemeal intervention in state criminal actions. *See, e.g.,* Kugler v. Helfant, 421 U.S. 117, 130, 95 S. Ct. 1524, 1533 (1975)(federal courts should not "intervene piecemeal to try collateral issues" in state criminal prosecutions, such as a request to enjoin the admission of evidence); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994)(a request to enjoin enforcement of a criminal discovery statute and to suppress evidence obtained under that statute could not be entertained).

The concerns that motivate the Younger doctrine preclude this Court from granting Petitioner habeas relief and require dismissal of this action. Criminal charges are pending against Petitioner in state court, and the State of California's interest in prosecuting those who are

charged with violating its laws is indisputable.  The issues Petitioner raises in the instant Petition, if cognizable, can be raised within his pending criminal case and on state appeal should he be convicted, and thus, he has an opportunity to raise his constitutional claims in state court.  *See* Dubinka, 23 F.3d at 224 (the existence of an opportunity to raise federal claims in state proceedings requires abstention).  As no "special circumstances" have been alleged or shown here, Petitioner's allegations do not merit federal intervention, and comity dictates that this Court not interfere in his state criminal proceeding.  *See* Braden, 410 U.S. at 489, 93 S. Ct. at 1127 (a petitioner seeking pre-conviction habeas relief under Section 2241 must await the outcome of his state proceedings before seeking federal habeas relief absent "special circumstances").

   The Court further notes that, while there is no statutory exhaustion requirement for Section 2241 actions, federal courts have imposed a prudential exhaustion requirement.  "The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity" and is "not limited to challenges to the validity of state court convictions."  Preiser v. Rodriguez, 411 U.S. 475, 491, 93 S. Ct. 1827, 1837 (1973); *see also* Carden, 626 F.2d at 83 (in Section 2241 cases, "[a]s an exercise of judicial restraint," "federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising federal claim[s]").

   In Braden, the Supreme Court permitted the petitioner (a state defendant awaiting a delayed trial) to proceed under Section 2241,

7

1  because he sought to force a trial rather to than have charges against
2  him dismissed and he had "exhausted all available state remedies as a
3  prelude to [his federal habeas] action" by repeatedly presenting his
4  speedy trial violation claim to the state courts and demanding a trial.
5  As a result, no "legitimate interest of federalism" was jeopardized by
6  allowing him to seek Section 2241 relief.  410 U.S. at 489-93, 93 S. Ct.
7  at 1127-28 (emphasizing the critical function played by the exhaustion
8  requirement).  Here, given Petitioner's failure to seek *any* relief in
9  the California Court of Appeal and the California Supreme Court, the
10 opposite conclusion follows.  Federalism and comity concerns preclude
11 Petitioner's attempt to proceed in federal court without first affording
12 the state courts the opportunity to consider his claims and provide any
13 relief that is appropriate.

15      Accordingly, for the foregoing reasons, it is ORDERED that the
16 Petition be DISMISSED WITHOUT PREJUDICE.  In addition, the Court
17 concludes that a certificate of appealability is unwarranted in this
18 case and, thus, a certificate of appealability is DENIED.

20      LET JUDGMENT BE ENTERED ACCORDINGLY.

22 DATED: October 18, 2012

                                          _____
                                                  JAMES V. SELNA
                                          UNITED STATES DISTRICT JUDGE

25 PRESENTED BY:

   _____
         MARGARET A. NAGLE
28 UNITED STATES MAGISTRATE JUDGE